UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

CRAIG SEBERT,

      Debtor.

_____/


KAREN E. EVANGELISTA,
Chapter 7 Trustee,

          Appellant,

v.

MATTHEW OPPERMAN,

          Appellee,


LONNIE KESTER

          Interested Party.

_____/

Civil Case No.07-15509
District Judge John Feikens


**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER AND DENYING MOTIONS
TO STAY AND VACATE**

      I have before me an appeal of the Bankruptcy Court's order confirming the sale of assets

and a motion to stay the proceedings and real estate closing, brought by Chapter 7 Trustee Karen

E. Evangelista (the "Trustee"), and a motion to vacate the Bankruptcy Court's decision pursuant

to Federal Rule of Civil Procedure 60(b), brought by interested party Lonnie Kester ("Kester").

For the reasons set forth below, I AFFIRM the Bankruptcy Court's decision and DENY the

1

motions to stay and vacate.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 26, 2007, an auction was held for property belonging to the Chapter 7 bankruptcy estate of Craig Sebert. Matthew Opperman ("Opperman") was the high bidder at the auction with a bid of $432,600.00. Kester was the second highest bidder. Opperman and counsel for the Trustee signed a purchase agreement and Opperman provided a $43,260 deposit to the auctioneer, who signed an acknowledgment of deposit. The purchase agreement stated expressly that it was "subject to the approval of the U.S. Bankruptcy Court."[1]

Four days after the auction, Kester filed a bid for $450,000. At the hearing for the motion to confirm the sale, the Bankruptcy Court confirmed the sale to Opperman for $432,600. The Trustee brought a motion for reconsideration of the order confirming the sale, and the Bankruptcy Court denied the motion. In reaching its decision, the Bankruptcy Court noted that the auction notice "gave no indication that additional bids would be accepted after the auction date" and concluded that "[t]o accept the late bid under these circumstances would clearly undermine confidence in judicial sales and discourage prospective purchasers from making their best offer in a timely manner."[2]

The Trustee appealed the Bankruptcy Court's orders confirming the sale and denying the motion to reconsider. In her appeal, the Trustee asserts that the Bankruptcy Court erred when it found that the actions of the trustee and the auctioneer constituted an "acceptance" of Opperman's offer to purchase and that the Court abused its discretion in confirming the sale to

---

[1] Exhibit A to Appellant's Reply Brief.

[2] Order Denying Trustee's Motion for Reconsideration (Case No. 07-20375).

Opperman when there was a bid from Kester pending that was $17,000 higher. After filing the appeal, the Trustee filed a motion to stay the proceedings and real estate closing. Kester has also filed a motion asking this Court to vacate the Bankruptcy Court's order confirming the sale.

## II. ANALYSIS

### A. Appeal

"The bankruptcy court's confirmation of an asset sale will only be overturned in extreme cases, when the bankruptcy court has abused its discretion." Corporate Assets, Inc. v. Paloian, 368 F.3d 761, 767 (2004) (citing In re Chung King, Inc., 753 F.2d 547, 549 (7th Cir. 1985). In determining whether the bankruptcy court abused its discretion, "[t]he question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." In re M.J. Waterman & Associates, Inc., 227 F.3d 604, 608 (6th cir. 2000) (citations omitted).

When a higher bid is submitted after a judicially mandated auction has been held and the formal bidding process has ended, bankruptcy courts are faced with a difficult decision. Accepting the late bid may mean more money for the creditors. Corporate Assets, 368 F.3d at 767. Doing so, however, undermines confidence in judicial sales and discourages prospective purchasers from making their best offers in a timely and efficient manner. Id. "A bankruptcy judge confronted with this scenario...faces the unenviable task of walking a tightrope between competing interests." Id.

In this matter, the Bankruptcy Court chose to confirm the winning bid from the auction instead of accepting the higher bid submitted after the auction had concluded. The Court noted

that the late bid was submitted by a bidder who was present and participated in the auction but chose not to submit his higher bid until four days after the auction had ended. Under these circumstances, the Bankruptcy Court concluded that accepting the late bid would "clearly undermine confidence in judicial sales and discourage prospective purchasers from making their best offers in a timely manner." Id.

I find that the Bankruptcy Court was forced to choose between competing interests and did not abuse its discretion by deciding to honor the bid received at the judicial sale. This was a reasonable choice supported by law and policy. The First Circuit has explained that accepting a late bid "merely to gain a few extra dollars in one case...would be penny wise and pound foolish. Creditors in general would suffer if unpredictability discouraged bidders altogether." In re Gil-Bern Indus., Inc., 526 F.2d 627, 629 (1st Cir. 1975). In this case, the Bankruptcy Court did not abuse its discretion in reaching the same conclusion.

In her brief, the Trustee argues that the Bankruptcy Court was not bound by the "acceptance" of Opperman's offer at the auction and had the authority to confirm a sale to Kester for a higher price. I agree. Opperman's offer was accepted subject to court approval. The Bankruptcy Court could have refused to confirm the sale to Opperman and maximized creditor recovery by confirming a sale to Kester at a higher price. See Corporate Assets, 368 F.3d 767 ("A central purpose of bankruptcy, after all, is to maximize creditor recovery"); but see In re Gil -Bern, 526 F.2d at 629 ("If there is no local custom to the contrary, we are in accord with the established rule that it is an abuse of discretion for a bankruptcy court to refuse to confirm an adequate bid received in a properly and fairly conducted sale merely because a slightly higher offer has been received after the bidding is closed") Nevertheless, simply because the

bankruptcy court could have confirmed a sale to Kester, does not mean it abused its discretion in choosing not to do so.

### B. Motion to Vacate

Kester has brought a motion asking that I vacate the Bankruptcy Court's order confirming the sale to Opperman. In the motion, Kester argues that the opinion should be vacated because the Bankruptcy Court applied the incorrect legal standard in confirming the sale. Kester's argument is similar to the arguments set forth by the Trustee. Kester first notes that in reaching its decision to confirm the asset sale, the Bankruptcy Court cited to <u>Corporate Assets</u>, a case in which the Seventh Circuit found that a bankruptcy court did not abuse its discretion by permitting property to be auctioned a second time when it appeared that there were higher bids that had not been placed during the first auction. <u>Corporate Assets</u>, 368 F.3d at 772. Kester then asserts that the bankruptcy court in this matter must have applied the wrong standard because it decided not to exercise its discretion to consider post-auction bids.

In <u>Corporate Assets</u> the Seventh Circuit stated that before a sale of assets has been confirmed "the bankruptcy court enjoys broader discretion to decide whether to entertain a late bid, and its judgment in that regard commands commensurate deference from the reviewing court." <u>Id.</u> at 768. The Court also wrote extensively about the competing interests of maximizing creditor return and encouraging confidence in judicial sales. See <u>Id.</u> at 767-68. In this matter, the bankruptcy court considered the circumstances and exercised its "broader discretion" by deciding not to entertain a late bid. The bankruptcy court noted that Kester attended and participated in the auction and had ample opportunity to bid on the property at that time. It then explicitly based its decision not to accept Kester's late bid on the need for

predictability and finality in judicial sales. I find that the court applied the correct standard and exercised its discretion in a reasonable manner. Simply because different courts faced with different facts choose to exercise their discretion differently does not mean that one of them applied the wrong standard.

For these reasons I DENY, Kester's motion to vacate the bankruptcy court's order confirming the sale of assets.

### C. Motion for Stay

Because this order ends the appeal, the Trustee's motion to stay the sales proceedings pending the outcome of the appeal is now moot.

### CONCLUSION

For the reasons set forth above, I AFFIRM the bankruptcy court's order confirming the sale of assets and DENY Kester's motion to vacate and the Trustee's motion to stay.

**IT IS SO ORDERED.**


Date:    March 11, 2008             s/John Feikens
                                    United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on March 11, 2008, by U.S. first class mail or electronic means.

                    s/Carol Cohron
                    Case Manager